COMMONWEALTH *vs.* JERRY PASCHAL. November 17, 1976. There was no error in the admission of testimony concerning the defendants' participation in an armed assault which occurred minutes before their arrests and for which they were not being tried.[1] That testimony was relevant to the question of illegal possession or control of a firearm, one of the charges on which the three defendants were being tried. *Commonwealth* v. *Abbott Engr. Inc.* 351 Mass. 568, 572 (1967). The evidence was specifically limited by the trial judge to the question of possession or control of a firearm. *Commonwealth* v. *Sheppard,* 313 Mass.

---

[1] Robert A. Roy & another *vs.* Alan Alford.

[1] There were three defendants on trial, but only Paschal has appealed.

590, 596, cert. den. 320 U.S. 213 (1943). Nor in the circumstances of this case was such evidence made inadmissible because the defendants were also being tried on the charge of possession of a controlled substance (heroin) with intent to distribute. *Commonwealth* v. *Chalifoux,* 362 Mass. 811, 815-816 (1973). *Commonwealth* v. *Walker,* 370 Mass. 548, 568-569 (1976). Paschal's individual willingness to stipulate to the fact that he had had possession of the gun did "not preclude the Commonwealth from proving it." *Commonwealth* v. *Nassar,* 351 Mass. 37, 46 (1966). The offered stipulation, in so far as it is disclosed on the record, did not indicate the extent to which either of the codefendants was willing to join in it. To the contrary, the opening statements of their counsel indicated that both codefendants would deny possession and control of a firearm.

*Judgments affirmed.*

The case was submitted on briefs.

*Fern L. Nesson* for the defendant.

*D. Lloyd Macdonald,* Assistant District Attorney, for the Commonwealth.